AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

v.

Emmanuel Cooper
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR 08-120-UNA.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
    ☐ under 18 U.S.C. § 924(e).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X  clear and convincing evidence   X  a preponderance of the evidence: Defendant is charged with possession of a firearm by a convicted felon in violation of 18 USC § 922(g). Since this is a gun offense, it is eligible to show dangerousness. The weapon in question was found in the master bedroom of the home in which he was residing (his girlfriend) where two children reside (2 and 4 year olds). Documents show that defendant lives in the room which he confirmed.  Therefore, the nature of the offense against defendant is serious involving a weapon and the strength of the evidence against him is substantial.

**Nature and characteristics of defendant:** Although defendant is a life long resident of Wilmington and presently resides with his girlfriend, of her probationary status for a federal offense conviction, he could not continue to reside with her. Defendant is a regular marijuana user, imbibing in the drug a couple of times a week.. Defendant has not held any steady employment having worked for temp agencies only on an as needed basis. Proof of this is defendant's admission that he earns an unsteady monthly income because of his unstable employment situation. Defendant has previously been arrested for and charged with possession of a firearm by a person prohibited subject to a PFA for which two capiases for FTAs were issued and he was convicted of possession with intent to deliver (found guilty) for which a bench warrant was issued for FTA and his bail was forfeited.

As a result the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

AUG 11 2008

U.S. DISTRICT
DISTRICT

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 11, 2008 | |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).